# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BECKY JOSEPH,

       Plaintiff,

v.

DISPLAYMAX, INC.,
and FIXTUREMAX, INC.,

       Defendants.

Case No.  2:19-cv-12872

Hon.

_____

DAVID M. BLANCHARD (P67190)
FRANCES J. HOLLANDER (P82180)
BLANCHARD & WALKER PLLC
Attorneys for Plaintiffs
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

_____

## COMPLAINT AND JURY DEMAND

Plaintiff BECKY JOSEPH ("Plaintiff" or "Ms. Joseph"), through her attorneys, BLANCHARD & WALKER PLLC, individually and on behalf of all others similarly situated, files this civil lawsuit against Defendants DISPLAYMAX, INC. and FIXTUREMAX, INC. seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA").

## NATURE OF THE CASE

1. Plaintiff has initiated the instant action to redress violations of the FLSA caused by Defendants DisplayMax, Inc. and FixtureMax, Inc.'s ("Defendants") failure to pay proper overtime wages to Plaintiff and other similarly situated employees.

2. Ms. Joseph began her employment with Defendants as a demolition and construction worker starting on or around June 10, 2019.

3. Ms. Joseph was paid on a day-rate basis. An employee paid on a flat sum for a day's work is entitled to an overtime premium for hours worked over forty (40) in a week.

4. While working for Defendants, Plaintiff and other similarly situated employees worked more than forty (40) hours per workweek but were not paid the proper overtime premium for all of their overtime hours.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. §§ 216(b) and 217 because this action involves a federal question under the FLSA.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district.

## PARTIES

7. Plaintiff Becky Joseph is an adult resident of the State of Michigan.

8. Ms. Joseph began her employment with Defendants as a demolition and construction worker beginning on or around June 10, 2019.

9. Ms. Joseph is a covered "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

10. While working for Defendants, Ms. Joseph is individually engaged in commerce or in the production of goods for commerce.

11. Defendant DisplayMax, Inc. ("DisplayMax") is a Michigan for-profit corporation with its corporate headquarters located in Howell, Michigan.

12. Defendant FixtureMax, Inc. ("FixtureMax") is a Michigan for-profit corporation with its corporate headquarters located in Howell, Michigan.

13. At all times material, Defendants were each an "enterprise engaged in commerce or in the production of goods for commence" as defined by the FLSA, 29 U.S.C. 203(s)(1).

14. Defendants are the "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203.

15. At all times pertinent to this Complaint, each Defendant was an enterprise engaged in interstate commerce; had gross operating revenues in excess of $500,000.00; and employed two or more persons in interstate commerce.

## COLLECTIVE DEFINITION

16. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following collective of potential FLSA opt-in litigants:

> All individuals who worked for either or both Defendants and were paid on a day rate basis from the date three years prior to the date this Complaint was filed and who did not receive overtime compensation when they worked more than forty (40) hours in a week (the "FLSA Collective" or "Collective").

17. Plaintiff reserves the right to redefine the Collective prior to notice and certification, and thereafter, as necessary.

## GENERAL ALLEGATIONS

18. Plaintiff began her employment with Defendants on or around June 10, 2019.

19. Defendants DisplayMax, Inc. and FixtureMax, Inc. employ individuals to demolish and construct retail merchandise displays and to remodel and renovate retail stores.

20. Defendants pay Plaintiff and other similarly situated employees on a day-rate basis.

21. Employees paid on a day-rate basis are entitled to an overtime half-time premium of their hourly rate for all hours worked over forty (40) in a workweek, at

an hourly rate calculated by totaling all sums received in the workweek and dividing by the total hours actually worked. 29 C.F.R. § 778.112.

22. Defendants do not pay the required overtime premium to their day-rate employees.

23. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in this case.

24. Plaintiff has the primary job duty of demolishing and construction of displays at grocery stores and automotive parts stores.

25. Plaintiff and the Collective are not regularly engaged in the management and general business administration of Defendants' operations.

26. Plaintiff's and the Collective's actual primary job duties do not include the exercise of discretion and independent judgment with respect to matters of significance.

27. Plaintiff and the Collective regularly work more than 40 hours per workweek without being paid their proper overtime compensation, in violation of the FLSA.

28. Defendants have willfully failed to pay Plaintiff and the Collective overtime as required under the FLSA and have done so knowingly and without any good faith legal basis.

29. Defendants willfully operate under a common scheme to deprive Plaintiff and the Collective of proper overtime compensation by paying them less than what is required under law.

30. Defendants are aware, or should have been aware, of their unlawful failure to pay overtime and recklessly chose to disregard the consequences of their actions.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

31. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

32. Plaintiff desires to pursue her FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

33. Plaintiff and the FLSA Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to Defendants' common business and compensation practices as described herein, and, as a result of such practices, have not been paid the legally mandated overtime compensation for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including Defendants' compensation and payroll practices.

34. Employees paid on a day-rate basis are entitled to an overtime half-time premium of their hourly rate for all hours worked over forty (40) in a workweek, at

an hourly rate calculated by totaling all sums received in the workweek and dividing by the total hours actually worked. 29 C.F.R. § 778.112.

35. Defendants do not pay their day-rate employees overtime compensation for hours worked in excess of forty a week.

36. The similarly situated employees are known to Defendants, are readily identifiable, and can easily be located through Defendants' business and human resources records.

37. Defendants employ many FLSA Collective Members and place them throughout the United States. These similarly situated employees may be readily notified of this action through electronic mail, U.S. Mail, and/or other means, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## COUNT I
**Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
*Failure to Pay Required Overtime Rates*

38. All previous paragraphs are incorporated as though fully set forth herein.

39. At all relevant times, Defendants have been an "employer" of Plaintiff and the FLSA Collective. 29 U.S.C. § 203(d).

40. At all relevant times, Plaintiff and the FLSA Collective have been "employees" of Defendants. 29 U.S.C. § 203(e).

41. Plaintiff and the FLSA Collective are victims of Defendants' common policy of failing to pay overtime compensation to their day-rate employees. This policy has resulted in willful violations of Plaintiff's and the FLSA Collective's rights under the FLSA, and has caused significant damage to Plaintiff and the FLSA Collective.

42. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in this case.

43. Plaintiff and the FLSA Collective regularly work more than forty (40) hours per week for Defendants, but Defendants do not properly compensate them for all of their overtime hours as required by the FLSA.

44. Plaintiff and the FLSA Collective are not employed pursuant to a bona fide individual contract that specified a regular rate of pay of not less than the minimum hourly rate required by law.

45. Plaintiff and the FLSA Collective are not employed pursuant to a bona fide individual contract that provides a weekly guarantee of pay for not less than sixty hours.

46. Plaintiff and the FLSA Collective are not paid on a salary basis.

47. Plaintiff and the FLSA Collective are not paid a guaranteed amount each week.

48. Defendants do not and have not made a good-faith effort to comply with the FLSA.

49. Defendants willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rates.

50. Defendants' willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

51. As a direct and proximate result of these unlawful practices, Plaintiff and the FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Becky Joseph seeks the following relief on behalf of herself and the members of the FLSA Collective:

a. An Order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Collective;

 c. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

 d. Liquidated damages to the fullest extent permitted under the law;

 e. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

 f. All further relief as the Court deems just and equitable.

            Respectfully submitted,

            /s/ David M. Blanchard
            David M. Blanchard (P67190)
            Frances J. Hollander (P82180)
            BLANCHARD & WALKER, PLLC
            221 N. Main Street, Suite 300
            Ann Arbor, MI 48104
            Telephone: (734) 929-4313
            blanchard@bwlawonline.com
            hollander@bwlawonline.com

Date: October 1, 2019

## **DEMAND FOR A JURY TRIAL**

Now Comes Plaintiff, Becky Joseph, by and through her attorneys, Blanchard & Walker, PLLC, and hereby demands a trial by jury in the above-captioned matter.

                              Respectfully submitted,

                              /s/ David M. Blanchard
                              David M. Blanchard (P67190)
                              Frances J. Hollander (P82180)
                              BLANCHARD & WALKER, PLLC
                              221 N. Main Street, Suite 300
                              Ann Arbor, MI 48104
                              Telephone: (734) 929-4313
                              blanchard@bwlawonline.com
                              hollander@bwlawonline.com

Date: October 1, 2019